```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| CHARLES E. McCLAIN, SR., et al. | : |
| v. | : Civil Action No. DKC 2004-2708 |
| PHILIP MORRIS USA, INC., et al. | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution is the motion of Philip Morris USA, Inc., and R.J. Reynolds Tobacco Company (collectively, "Defendants"), to dismiss the complaint pursuant to Fed.R.Civ.P. 8(a). (Paper 28). The issues are briefed fully and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the court will grant Defendants' motion to dismiss.

## I. Background

On August 13, 2003, Plaintiffs Charles E. McClain, Sr., and Justin Van Lee McClain, the widower and son of Leona B. McClain, filed a complaint in the Circuit Court for Prince George's County, alleging certain cigarette manufacturing and marketing companies and organizations were responsible for her death. The complaint asserted that the decedent, who died on August 14, 2000, was a lifelong smoker, and alleged (1) civil conspiracy, (2) negligence, and (3) strict liability (without elaboration). Defendants removed to this court. On March 18, 2005, the court granted Defendants' motion to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6)

and 8(a), with leave to amend the three wrongful death claims.[1] (Paper 19).

On May 10, 2005, Plaintiffs filed an amended complaint asserting one count of wrongful death. (Paper 27). Defendants have filed a motion to dismiss the amended complaint with prejudice for failure to comply with Fed.R.Civ.P. 8(a), asserting that the amended complaint fails to provide Defendants with sufficient notice of the nature of and basis for Plaintiffs' claims. (Paper 28).

## II. Standard of Review

Under Rule 8(a)'s "simplified pleading standard," *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), a plaintiff's complaint need only provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Rule 8(a)(2) demands only "that the pleaded claim afford 'the opposing party fair notice of the nature and basis or grounds of the claim and a general indication of the type of litigation involved.'" *Labram v. Havel,* 43 F.3d 918, 920 (4th Cir. 1995) (quoting *Burlington Indus. Inc. v. Milliken & Co.,* 690 F.2d 380, 390 (4th Cir. 1982)); 5 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1215, at 172-73 (3rd ed. 2004).

---

[1] The court held that Plaintiffs' three survival actions were time barred.

"Nevertheless, despite the more forgiving pleading standards, the essence of a claim remains its factual elements." *Gilbane Bldg. Co. v. Fed. Reserve Bank of Richmond*, 80 F.3d 895, 900 (4th Cir. 1996); *see also* Wright & Miller, *supra,* at 194 ("[T]he rules do contemplate a statement of circumstances, occurrences, and events in support of the claim being presented."). A complaint satisfies Rule 8 if "in light of the nature of the action, the complaint sufficiently alleges each element of the cause of action so as to inform the opposing party of the claim and its general basis." *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 348 (4th Cir. 2005). *See also Gilbane Bldg. Co.*, 80 F. 3d at 900 (stating that "a statement of the claim is sufficient [under Rule 8(a)(2)] so long as a plaintiff colorably states facts which, if proven, would entitle him to relief")(internal quotation marks omitted).

**III. Analysis**

In considering Defendants' previous motion to dismiss, the court noted a number of deficiencies in Plaintiffs' complaint. For instance, the negligence claim was insufficient because Plaintiffs did not identify what legal duty Defendants owed to Plaintiffs, or how Defendants allegedly breached that duty. The court also noted that to the extent Plaintiffs were pursuing a product liability suit, Plaintiffs had not indicated the theory of negligence, e.g., failure to warn, failure to provide adequate instructions for safe use, or negligent design or manufacture. (Paper 18, at 9). The

3

strict liability claim, which failed to describe the defective condition of Defendants' product or the nature of its unreasonable dangerousness, was also insufficient. *Id.* at 10. Similarly, on the claim for civil conspiracy, Plaintiffs failed to allege any facts indicating that Defendants acted in concert to engage in tortious conduct. *Id.* at 10-11.

In their amended wrongful death claim, Plaintiffs assert:

> Defendants owed Leona McClain a duty to use reasonable care in controlling their manufacture and distribution of tobacco products used by Leona [McClain].
>
> By failing to use such reasonable care and by continually manufacturing and distributing their tobacco products used by Leona, Defendants negligently breached the duties owed by [sic] Leona McClain.

(Paper 27, ¶¶ 32, 33). Plaintiffs contend in their opposition memorandum that their complaint satisfies Rule 8(a) because they have alleged the elements of a wrongful death claim. (Paper 29). They identify the elements as: "1) death; 2) proximately caused by the negligence of the defendant; 3) resulting in damages to a person or persons who are within the category of defined beneficiaries under the statute; and 4) who bring their claim within the applicable period provided by the statute." (Paper 29, at 1). For this proposition, Plaintiffs cite *Weimer v. Hetrick*, 309 Md. 536 (1987) and *State v. Consolidated Gas Co.*, 85 Md. 637 (1897). More recent cases from the Court of Appeals of Maryland have identified the elements in a wrongful death action as: "(1)

4

that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty."  *Hemmings v. Pelham Wood*, 375 Md. 522, 535 (2003)(quoting *Todd v. Mass Transit Admin.*, 373 Md. 149 (2003); *see also Valentine v. On Target, Inc.*, 353 Md. 544, 549 (1999).

Plaintiffs' complaint continues to be vague on the theory of liability.  Plaintiffs may be attempting to state a wrongful death claim based on the negligent manufacture and distribution of tobacco products, although Plaintiffs have made no allegations about what Defendants did or failed to do in the manufacture or distribution of their products.  "The test of negligence of a manufacturer or a supplier of a given product under Maryland law is whether or not he acted with reasonable care under the circumstances."  *Banko v. Cont'l Motors Corp.*, 373 F.2d 314, 315 (4th Cir. 1966)(per curiam)(citing *Babylon v. Scruton*, 215 Md. 299 (1958)).  There are myriad ways a manufacturer might be liable to a consumer:

> In *Moran v. Fabergee*, 273 Md. 538, p. 543, 332 A.2d 11, p. 15 (1975), the Court of Appeals concluded that "a manufacturer's duty to produce a safe product, with appropriate warnings and instructions when necessary, is no different from the responsibility each of us bears to exercise due care to avoid unreasonable risk of harm to others." As a result, the Court noted that "consumer suits" have been permitted against manufacturers

5

> based "purely on negligence concepts" for "defective design, negligent production, and failure to warn (or adequately warn) of latent dangers." *Id.*, at 543, 332 A.2d at 15.

*Am. Laundry Mach. Indus. v. Horan*, 45 Md.App. 97, 101-02 (1980). Plaintiffs have alleged no facts to support their claim that Defendants failed to use reasonable care, have not even identified a negligence theory by alleging any particular duty or method of breach. In a similar situation, the vague claim was dismissed:

> In Count IV, plaintiffs allege only that defendant is liable for placing into the stream of commerce cigarettes that contain a "manufacturing flaw." This allegation amounts to no more than . . . a bald statement.

*Shaw v. Brown & Williamson Tobacco Corp.*, 973 F.Supp. 539, 548 (D.Md. 1997).

Plaintiffs' complaint fails to allege sufficient facts to satisfy Rule 8(a)(2). Plaintiffs have failed to assert facts tending to show what, if any, duty Defendants owed to the decedent or how Defendants breached their duty. Overall, Plaintiffs' complaint asserts a number of facts relating to the deceased, such as when she began smoking and what medical problems she suffered. The complaint is, however, utterly devoid of any factual assertions relating to Defendants' allegedly tortious conduct. Plaintiffs therefore have failed to state a claim of wrongful death.

The court may dismiss with prejudice a complaint that fails to state a claim upon which relief can be granted. *See* Fed.R.Civ.P.

41(b).[2]  *See also Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 169 (5th Cir. 1999) (affirming the district court's dismissal with prejudice for failure to state a claim ); Wright & Miller, *supra,* at 739 ("[T]he cases make it clear that leave to amend the complaint should be refused only if it appears to a certainty that the plaintiff cannot state a claim.").  This is the second time Plaintiffs have had the opportunity to state a wrongful death claim.  In the previous Order and accompanying Memorandum Opinion, the court identified a number of deficiencies, including the failure to allege sufficient facts, and allowed Plaintiffs leave to amend their complaint to satisfy these shortcomings.  (Paper 18, at 11).  In the amended complaint, however, Plaintiffs again neglect to allege facts regarding Defendants' tortious conduct such that Defendants are informed of Plaintiffs' claim and its general basis.  Accordingly, Plaintiffs' wrongful death claim is dismissed with prejudice.

---

[2]  Rule 41(b) provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant.  Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

**IV. Conclusion**

    For the foregoing reasons, Plaintiffs' motion to dismiss with prejudice will be granted. A separate Order will follow.

                                                            /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge